# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEPHANIE NEY,**

      **Plaintiff,**

**v.**                                                                           **Case No: 6:13-cv-1013-Orl-31TBS**

**ADVENTIST HEALTH SYSTEM/SUNBELT,
INC.,**

      **Defendant.**

---

## ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 6) filed by Defendant Adventist Health System/Sunbelt, Inc. ("AHS").[1] Plaintiff has not responded.

### I. Background

Plaintiff, Stephanie Ney ("Ney"), began working for AHS in 1990, as a Medical Staff Coordinator. She held this position until August 10, 2010, when she was transferred to Florida Hospital Fish Memorial. At Fish Memorial Ney worked as an Assistant Medical Staff Coordinator, a part time position, "with the understanding that it would develop into a full time position as a Medical Staff Coordinator." In December 2011, however, Ney developed "medical issues." She took FMLA protected leave on April 16, 2012, but when that leave expired on June 15, 2012, she was still unable to return to work. AHS placed her on extended leave until September 22, 2012 to accommodate her continuing medical issues, but Ney claims she was never

---

[1] Defendant notes in the Motion that the proper Defendant in this matter is "Southwest Volusia Healthcare Corporation, d/b/a Florida Hospital Fish Memorial, as it is the entity that employed the Plaintiff." (Doc. 6, note 1).

specifically informed about this accommodation, nor was she told when this extended leave would end. To her surprise, Ney was terminated on September 27, 2012 when she failed to return from leave.

On June 3, 2013, Plaintiff filed this wrongful termination suit in state court asserting one count to violation of Florida's Civil Rights Act, Section 760.10, Florida Statutes, and one count for violation of the Family Medical and Leave Act, 29 U.S.C. § 2601, et. seq. Defendant removed to this Court on July 2, 2013, and now moves to dismiss.

### II.     Standard

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief, so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory

allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertion[s]devoid of further factual enhancement. *Id*. at 1949 (internal citations omitted). [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n]- that the plaintiff is entitled to relief. *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.     Discussion**

**Count I - FCRA**

To establish a prima facie case of disability discrimination under FCRA Plaintiff must demonstrate (1) she is handicapped; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her handicap. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1256 (11th Cir. 2007). With respect to her handicap, Plaintiff must allege (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Harty v. City of Sanford*, 6:11-CV-1041-ORL-31, 2012 WL 3243282 (M.D. Fla. Aug. 8, 2012) (citation omitted). To be a 'qualified individual'' Plaintiff must allege that she can "perform the essential functions of [her] job with or without reasonable accommodations." *School Bd. Of Nassau County, Fla. V. Arline,* 480 U.S. 273, 287, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987). In this case, Plaintiff fails to allege either that she is disabled or that she is a qualified individual. The

Complaint is devoid of allegations regarding Ney's handicap or the nature of her job. Plaintiff alleges only that she was admitted to the hospital on March 23, 2012, for some unspecified "medical disability issue" and that she was fired from her position as an "Assistant Medical Staff Coordinator." These allegations are insufficient to survive a motion to dismiss.

**Count II - FMLA**

The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period for one or more of the following: . . . (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). An employer is prohibited from interfering, restraining, or denying the exercise of, or the attempt to exercise, any right provided under the FMLA and from discharging or discriminating against any individual "for opposing any practice made unlawful" by the FMLA. 29 U.S.C.A. § 2615(a)(1), (2). It is unclear from the face of the Complaint whether Plaintiff intends to assert a claim for interference or retaliation—and she failed to respond to the instant Motion. In either case, however, there are insufficient allegations to survive a motion to dismiss.

Plaintiff fails to allege an essential element of retaliation under the FMLA—namely, causation.[2] The Complaint alleges only that Ney was fired fourteen weeks after her FMLA leave ended. "[M]ere temporal proximity, [however], without more, must be 'very close.' "*Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (internal citations omitted). "A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d

---

[2] To establish a prima facie case of retaliation under the FMLA, Plaintiff must show (1) that she engaged in statutorily protected activity; (2) she suffered an adverse employment decision; and (3) the decision was casually related to a protected activity. *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1275 (11th Cir. 2012).

1361, 1364 (11th Cir. 2007). With respect to a claim for interference, there are no allegations to suggest that Defendant interfered with Ney's FMLA leave. Indeed, she was afforded all the FMLA leave she was entitled to, plus an additional 14 weeks. Accordingly, Count II will be dismissed without prejudice.

It is therefore,

**ORDERED** that Defendant's Motion (Doc. 6) is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint by no later than August 15, 2013.

**DONE** and **ORDERED** in Orlando, Florida on July 29, 2013.

*[signature]*

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties